Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § § § § § | Case No. H-24-cr-221 |
| v. | |
| IRADA AKHOUNDOVA, | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the United States Department of Justice, Criminal Division, Public Integrity Section; the undersigned attorneys for the United States Department of Justice, National Security Division, Counterintelligence and Export Control Section; and the Defendant, Irada Akhoundova, and Defendant's counsel, Lisa M. Krigsten, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreements

1. Defendant agrees to plead guilty to the Information. The Information charges Defendant with willfully acting as an agent of a foreign principal without registration, in violation of the Foreign Agents Registration Act of 1938 ("FARA"), Title 22, United States Code, Section 618(a). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment proven to a jury or a judge beyond a reasonable doubt. Defendant also waives any challenge to venue in this district and any challenge based on the statute of limitations.

1

### Punishment Range

2. The statutory maximum penalty for a violation of Title 22, United States Code, Sections 612(a) and 618(a)(1), is a term of imprisonment of not more than five years and a fine of not more than $250,000. *See* 22 U.S.C. § 618(a); 18 U.S.C. § 3571(b)(3). Additionally, Defendant may receive a term of supervised release after imprisonment of not more than three years. *See* 18 U.S.C. §§ 3559(a)(4), 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for no more than two years, without credit for time previously served on post-release supervision. *See* 18 U.S.C. §§ 3559(a)(4), 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as

2

denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Cooperation

5. The parties understand this Plea Agreement carries the potential for a motion for departure under Section 5K1.1 of the United States Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, and fully cooperate with the United States. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that the term "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant— including, but not limited to, Defendant or any other individual or entity willfully acting as an agent of a foreign principal without registration. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a)     Defendant agrees that this Plea Agreement binds only the United States Department of Justice, Criminal Division, Public Integrity Section; the United States Department of Justice, National Security Division, Counterintelligence and Export Control Section; and Defendant, and that it does not bind any United States Attorney or other component or unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) At the Government's specific request, Defendant agrees to provide to the United States all documents in her possession or under her control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, *if any*, not meet Defendant's expectations, Defendant understands that she remains bound by the terms of this Plea Agreement and that she cannot, for that reason alone, withdraw her plea.

### Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this Plea Agreement

4

and seek specific performance of these waivers.

8. Defendant also agrees that should the conviction following Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction and not a promise; did not induce her guilty plea; and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated Guidelines range.

10. Defendant understands and agrees that each and all waivers contained in this Plea

Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreements

11. If Defendant pleads guilty to the Information and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will not further prosecute Defendant for any crimes described in the attached factual basis or for any conduct of Defendant now known to the United States Department of Justice, Criminal Division, Public Integrity Section and the United States Department of Justice, National Security Division, Counterintelligence and Export Control Section. This agreement does not provide any limitation of liability arising out of any acts of violence.

## Agreement Binding on Parties to Agreement Only

12. The United States Department of Justice, Criminal Division, Public Integrity Section and the United States Department of Justice, National Security Division, Counterintelligence and Export Control Section agree that they will not further criminally prosecute Defendant for the specific conduct described in the Information. This plea agreement binds only the United States Department of Justice, Criminal Division, Public Integrity Section; the United States Department of Justice, National Security Division, Counterintelligence and Export Control Section; and Defendant. It does not bind any United States Attorney or any other component of the Department of Justice. The United States Department of Justice, Criminal Division, Public Integrity Section and the United States Department of Justice, National Security Division, Counterintelligence and Export Control Section will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right to:

    (a)    Bring its version of the facts of this case, including any evidence in the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b)    Set forth or dispute sentencing factors or facts material to sentencing;

    (c)    Seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    (d)    File a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

    (e)    Appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

15. The United States and Defendant agree to the following regarding the Sentencing

Guidelines applicable to Defendant's Guidelines range:

(a) The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below Defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable."

(b) Defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of Defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. Defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the information. Defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay.

(c) Defendant understands and agrees that the factual admissions contained in paragraphs 18–33 of this plea agreement, and any admissions that she will make during her plea colloquy, will be used to calculate Defendant's Guidelines range.

(d) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(e) The parties understand, acknowledge and agree that the Sentencing Guidelines do not contain a base offense guideline for FARA violations or a sufficiently analogous guideline, and that the factors set forth in Title 18, United States Code, Section 3553(a) shall control for this offense, except that any guidelines and policy statement that can be applied meaningfully shall remain applicable. *See* U.S.S.G. § 2X5.1.

(f) The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in paragraph 15 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

16. The United States and Defendant agree that the United States or Defendant may

assert at sentencing and recommend to the Probation Office that Guideline enhancements or adjustments beyond the Guidelines set forth above do or do not apply.

### Rights at Trial

17. Defendant understands that by entering into this Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. But if Defendant desired to do so, she could testify on her own behalf.
>
> (d) As part of this plea agreement, and based upon the concessions of the United States in this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to seek any additional discovery. Further, Defendant knowingly, willingly, and voluntarily waives all pending requests for discovery.

### Factual Basis for Guilty Plea

18. Defendant understands and agrees that the United States could prove the following facts at a trial beyond a reasonable doubt:

**A. Background**

19. Since 2005 and through the relevant time period, Public Official 1 was and is a member of the United States House of Representatives.

9

20. Individual 1 is the spouse of Public Official 1. Individual 1 owned and controlled Consulting Company 1 and Consulting Company 2, two limited liability companies formed under the laws of the State of Texas.

21. The Republic of Azerbaijan is a former Soviet republic located in the South Caucasus. Azerbaijan's economy relies heavily on oil and natural gas exports. The Government of Azerbaijan meets the definition of a "foreign principal" under FARA pursuant to 22 U.S.C. § 611(b)(1).

22. Oil Company 1 is a national oil and gas company of Azerbaijan and is wholly owned by the Government of Azerbaijan. Oil Company 1 meets the definition of a "foreign principal" under FARA pursuant to 22 U.S.C. § 611(b)(3).

23. One of the most important issues to the Government of Azerbaijan was its decades-long conflict with Armenia over control of the Nagorno-Karabakh region, an ethnic Armenian enclave in western Azerbaijan known to Armenians as Artsakh. For much of the period since Azerbaijan achieved independence in 1991, the Nagorno-Karabakh region was controlled by a separatist government aligned with Armenia. Building support for its position regarding the Nagorno-Karabakh conflict was a major focus, among others, of Azerbaijan's diplomatic and lobbying efforts in the United States.

24. Azerbaijani Company 1 is an Azerbaijani company headquartered in Baku. Affiliate Company 1 was a U.S. affiliate of Azerbaijani Company 1 based in the Southern District of Texas.

25. Defendant IRADA AKHOUNDOVA, who resided in Houston, Texas, was an active member of the Texas Azerbaijani-American community. From in or around 2014 to approximately in or around 2017, AKHOUNDOVA served as the director of Affiliate Company

1.

26. Azerbaijani Company 2 was an Azerbaijani engineering company headquartered in Baku. Affiliate Company 2 was a United States subsidiary of Azerbaijani Company 2 based in Texas, and was formed under the laws of the State of Texas on or about August 22, 2017.

27. From in or around November 2014 through January 2015, Individual 1 transmitted falsified invoices from her company, Consulting Company 1, to Oil Company 1, billing Affiliate Company 1 for work Individual 1 purportedly completed on its behalf. AKHOUNDOVA received one such invoice dated December 1, 2014.

28. In or about December 2014, at the direction of an Oil Company 1 official and within the United States, AKHOUNDOVA caused a disbursement of $60,000 to be made from Affiliate Company 1 to Consulting Company 1 pursuant to the invoice from Individual 1, even though AKHOUNDOVA was not aware of any work that Individual 1 or her company had done for Affiliate Company 1, Azerbaijani Company 1, Oil Company 1, or any other entity. AKHOUNDOVA was aware that Public Official 1 was a member of the United States House of Representatives and that Individual 1 was related to him. AKHOUNDOVA believed that disbursing the $60,000 was in the interests of Oil Company 1 and the Government of Azerbaijan.

29. In or around 2017, AKHOUNDOVA facilitated the creation of Affiliate Company 2 by, among other things, contacting an attorney who helped establish Affiliate Company 2 as a corporation, establishing a U.S. Mail P.O. Box, and assisting in the establishment of an IRS Employer Identification Number (EIN) for Affiliate Company 2. AKHOUNDOVA understood that when she committed the forgoing acts, she was engaging in activity that was in the interests of Oil Company 1 and the Government of Azerbaijan.

### B. Conduct Charged in the Information

30. FARA, 22 U.S.C. § 611 et seq., is a federal registration and disclosure statute that

requires any person who agrees to act or acts in the United States as an "agent of a foreign principal" to register with the United States Attorney General if he or she agrees to engage or engages, directly or through another person, in certain types of conduct in the United States, such as political activities, public relations, publicity activities, or disbursing money for or in the interest of the foreign principal. Such registrations are made with the National Security Division's FARA Unit within the U.S. Department of Justice. The purpose of FARA is to prevent covert influence by foreign principals; proper registration under the statute allows the United States Government and the American people to evaluate the statements and activities of individuals who are serving as agents of foreign principals in light of their status as foreign agents.

31. In or around September 2020, AKHOUNDOVA received an email from an official at Azerbaijan Agency 1, an Azerbaijan government agency responsible for affairs with the Azerbaijani diaspora, asking Azerbaijani diaspora leaders to "organize joint activities of the Azerbaijani community on" the Nagorno-Karabakh issue, including on "social networks, appeals, statements, petitions, meetings, speeches in the press, etc." In or around October 2020, AKHOUNDOVA received another email from the same official asking Azerbaijani diaspora leaders to "take photos and videos . . . of the events that are being carried out and planned to be held by you," and saying that "preparing and sending short speeches in different languages, telling the personal life stories of the victims of terrorism, can also make a great contribution to the propaganda work." In or about November 2020, using approximately $10,000 received via wire from Azerbaijan Agency 1 with a wire description stating, in part, "IN Ord To Bring To Atten of US Publ The Provoc Comm By Arm IN AZ," AKHOUNDOVA purchased outdoor advertising space in the Southern District of Texas and caused the publication of certain public advertising related to the Nagorno-Karabakh conflict, which AKHOUNDOVA believed and intended would

12

influence a section of the U.S. public with reference to U.S. policy about the Nagorno-Karabakh conflict. In or around December 2020 and January 2021, AKHOUNDOVA emailed the Azerbaijan Agency 1 official photos of the outdoor advertising she had purchased and documentation of the purchase price.

32. At least by October 2015, AKHOUNDOVA was on notice that FARA prohibited acting as an agent of foreign principals without registration.

33. Despite being on notice of the requirement to register as an agent of a foreign principal for her activities on behalf of the Government of Azerbaijan and that her failure to do so was unlawful, which she understood, at no time did AKHOUNDOVA register as an agent of a foreign principal under FARA.

**Breach of Plea Agreement**

34. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

35. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be

13

submitted to the Treasury Offset Program so that payments to Defendant may be applied to federal debts.

36. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Restitution

37. Defendant agrees to pay full restitution to the victims regardless of the count of conviction. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

### Financial Statement

38. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the filing of this Plea Agreement with the Court, a financial statement on a form provided by the United States and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before

termination of supervised release or probation, with such disclosures to be shared with the United States.

39. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Complete Agreement**

40. This written Plea Agreement, consisting of 18 pages, including the Plea Agreement Addendum, constitutes the complete agreement between the United States, Defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

41. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at **Houston**, Texas, on **May 1**, 2024.

_____
Defendant

Subscribed and sworn to before me on **May 1**, 2024.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JENNIFER KENNEDY GELLIE
Executive Deputy Chief,
    performing the duties of Chief
Counterintelligence and Export Control
Section
National Security Division
U.S. Department of Justice

By: _____
Garrett Coyle
Trial Attorney

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice

By: _____
Marco A. Palmieri
Rosaleen O'Gara
Celia Choy
Attorneys for the United States

16